UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Benjamin Gasca E. de los M.,

    Plaintiff,

v.

Federal Bureau of Investigation, et al.,

    Defendants.

_____/

Case No. 22-10978
District Judge Mark A. Goldsmith
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION ON DANA NESSEL'S MOTION TO DISMISS (ECF No. 6) AND THE FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS (ECF No. 12)**

Benjamin Gasca E. de los M. ("Gasca") brought this complaint pro se against the Federal Bureau of Investigation (FBI) and the Michigan Department of Civil Rights (MDCR) under 42 U.S.C. § 1983 for neglection of duties, violation of privacy by internet, and unreasonable or excessive use of psychological force or harassment in violation of the Fourth Amendment of the United States Constitution. (ECF No. 1.) Gasca is requesting $14,300,00.00 in damages and costs. (*Id.*) The Michigan Attorney General, Dana Nessel, ("Michigan AG") has filed a motion to dismiss the suit against MDCR and the state of Michigan under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 6.) The Federal

Bureau of Investigation has also filed a motion to dismiss under the same rule. (ECF No. 12.)

For the following reasons, the Court **RECOMMENDS** that the Michigan AG's motion to dismiss be **GRANTED** and Gasca's lawsuit against MDCR, the Michigan AG, and the state of Michigan be **DISMISSED WITH PREJUDICE**. The Court also **RECOMMENDS** that the Federal Bureau of Investigation's motion to dismiss be **GRANTED**, and Gasca's lawsuit against the FBI be **DISMISSED WITHOUT PREJUDICE.**

## I. Background

Gasca sets out the following allegations. Gasca submitted a complaint to MDCR alleging "spoofed email, email intrusion, computer intrusion, psychological harassment based on computer intrusion, and psychological harassment at the work place." (ECF No. 1.) After MDCR received Gasca's complaint, it referred Gasca to the FBI's IC3 website. (*Id.*) Gasca then submitted a complaint with the same allegations that "extended outside the workplace" to the IC3 website on November 24, 2021. (*Id.*) Gasca alleges that neither defendant followed up on his initial complaints. (*Id.*)

Gasca alleges that psychological harassment, taking the form of "subliminal messages with either 'tunning' or 'commanding' messages[,] inducing criminal behavior," occurred at various establishments outside the workplace. (ECF No. 1.)

He alleges that these subliminal messages were sent to him on January 6, 2022 at a health club; on February 13, 2022 at a gas station; on March 18, 2022 at a restaurant; on March 19, 2022 at a dentist office; on April 2, 2022 at another restaurant; on April 7, 2022 at the same health club; and on April 26, 2022 at a Dearborn Heights city building. (*Id.*)

Gasca also submitted a second complaint alleging psychological harassment to the FBI's IC3 website on April 9, 2022. (*Id.*) The FBI never contacted Gasca about the first or second complaint. (*Id.*)

Gasca claims that the defendants failed to protect Gasca's mental integrity, to prevent psychological harassment, and exposed Gasca to psychological harm for an unreasonable and excessive period of time despite long-standing notice of the harm occurring in violation of the Fourth Amendment. (ECF No. 1.)

## II.   The Michigan AG's motion to dismiss (ECF No. 6)

A private individual may not sue a state unless the state consents to be sued. This is the principle of state sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 755 (1999). A state may only waive its sovereign immunity with express language, specifying the state's intention to subject itself to a suit. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974). Congress may also abrogate the states' sovereign immunity under Section Five of the Fourteenth Amendment to protect rights established by that amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

Section 1983 does not abrogate the states' immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979).

When a lawsuit seeks the recovery of money from the state, the state is entitled to invoke sovereign immunity. *Edelman*, 415 U.S. at 663. This immunity extends to any state instrumentalities as any judgment against those instrumentalities would be paid for by the state treasury. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429–30 (1997). The plaintiff has the burden of establishing a waiver of sovereign immunity. *Cf. Gaetano v. United States*, 994 F.3d 501, 509 (plaintiffs have the burden of establishing waiver of sovereign immunity when the United States is a defendant).

The state of Michigan is invoking its sovereign immunity to seek dismissal of Gasca's case. (ECF No. 6.) MDCR is an instrumentality of the state of Michigan. *See* Mich. Comp. Laws § 16.575 (statute creating the Michigan Department of Civil Rights). Gasca has not pointed to any law establishing that the state has waived its sovereign immunity or that Congress has abrogated the states' sovereign immunity for these claims. Section 1983 does not suffice. *See Quern*, 440 U.S. at 345. Therefore, the Court **RECOMMENDS** that the Michigan AG's motion to dismiss (ECF No. 6)[1] be **GRANTED** and Gasca's case against MDCR,

---

[1] Gasca's response (ECF No. 11) provides no support for a waiver of sovereign immunity and only cites to federal laws and regulations, none of which purport to abrogate the states' sovereign immunity.

4

the state of Michigan, and the Michigan AG be **DISMISSED WITH PREJUDICE**.

### III. The FBI's motion to dismiss

#### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a)(2), which requires a short and plain statement of a claim showing that the pleader is entitled to a judgment granting relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must illustrate the grounds of their entitlement to relief with "more than labels and conclusions." *Id.* at 555 (citations omitted). Plain statements of the requirements for a legal claim will not do. *Id.* at 555 (citations omitted). In other words, the complaint must contain "sufficient factual matter" to create a plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citations omitted). A claim is plausible when the plaintiff states facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* (citations omitted). Courts hold complaints written by pro se plaintiffs to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" is still required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the plaintiff's allegations in the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Additionally, when deciding whether to dismiss a case, a court will generally only rely on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted).

### B. Analysis

Gasca purports to sue the FBI under 42 U.S.C. § 1983 for violations of the Fourth Amendment. However, the FBI is not subject to § 1983 suits as it is not a state actor. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 429 (6th Cir. 2016). Additionally, even if Gasca were to bring this claim against the FBI under the federal analogue to § 1983, a *Bivens* claim, it would still fail. *Bivens* established that a private party could sue federal agents for money damages based on violations of the Fourth Amendment even without a statute authorizing a suit for damages based on that violation. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). But *Bivens* actions have not been expanded to cover the federal agencies themselves. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Further, Gasca has not appeared to make any factual allegations to establish a Fourth Amendment violation. The Fourth Amendment protects from

"unreasonable searches and seizures" conducted by government agents. U.S. Const. amend. IV. Even reading Gasca's complaint in the most favorable light under the less stringent standard afforded pro se plaintiffs, the Court fails to find an allegation that the FBI searched or seized Gasca's person or property. Gasca alleges that the FBI failed to conduct an investigation or to prevent the harm from happening. (ECF No. 1.) Gasca has not made any factual allegations that could amount to an illegal search or seizure nor cited to any laws that the FBI's alleged conduct violated. Thus, Gasca's complaint has not met the requirements for a short and plain statement of a claim that could establish relief. *See Twombly*, 550 U.S. at 555. Therefore, the Court **RECOMMENDS** that the FBI's motion to dismiss[2] (ECF No. 12) be **GRANTED**, and that Gasca's case against the FBI be **DISMISSED WITHOUT PREJUDICE.**

### IV.  Conclusion

For the above reasons, the Court **RECOMMENDS** that the Michigan AG's motion to dismiss (ECF No. 6) be **GRANTED** and Gasca's claim against the state of Michigan be **DISMISSED WITH PREJUDICE.** Further, the Court

---

[2] The FBI's motion argues that Gasca lacks standing to compel a criminal investigation. The Court does not construe Gasca's complaint as requesting an injunction compelling an investigation. In the complaint, after explicitly requesting costs and specified money damages, Gasca includes a request for "any and all other relief the Court deems just and reasonable under the circumstances." (ECF No. 1, PageID.9.) The Court does not construe this final vague and broad request as a request for an injunction to compel the FBI to perform an investigation. Thus, the Court declines to address whether Gasca has standing to make such a request.

recommends that the FBI's motion to dismiss (ECF No. 12) be **GRANTED** and that Gasca's claims against the FBI be **DISMISSED WITHOUT PREJUDICE**.

Dated: January 18, 2023       s/**Jonathan J.C. Grey**
                              Jonathan J.C. Grey
                              United States Magistrate Judge

### Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 18, 2023.

s/ **J. Owens**
Julie Owens
